**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

RAPHAEL JONES,
ADC #121171                                                                                                   PLAINTIFF

v.                                          4:10-cv-01462-JLH-JJV

JOSH POLLOCK, Jail Administrator,
Ashley County Detention Center                                                                DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy or the original of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.     INTRODUCTION**

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. No. 45). Plaintiff filed a Response to the Motion (Doc. No. 52).

Plaintiff, Raphael Jones, is a state inmate at the Benton Work Release Unit of the Arkansas Department of Correction (ADC). He filed this action against Defendant pursuant to 42 U.S.C. § 1983, alleging denial of adequate medical care and treatment concerning an incident which occurred while Plaintiff was incarcerated at the Ashley County Detention Center (Jail) on September 2, 2010. Plaintiff seeks monetary damages for "pain and suffering." (Doc. No. 2 at 5.)

According to his Complaint (Doc. No. 2) and his Response to the Summary Judgment Motion (Doc. No. 52), Plaintiff was struck in the head with a bag of dominoes at the Jail on September 2, 2010. (Doc. No. 2, p. 4.) Plaintiff was taken to the emergency room and treated for his injury and released, with instructions to return if he became dizzy or suffered from headaches. (Doc. No. 52 at 1.) A few days later Plaintiff asked to return to the hospital because of a bad headache; the Jail delayed taking him until Tuesday, September 7, 2010. (*Id.*) When Plaintiff saw

the doctor, he recommended a ct scan to determine the reason for Plaintiff's migraine headaches. (*Id.*) The Jail refused to approve it and told the doctor to give Plaintiff medication for the pain. (*Id.*)

## II.     SUMMARY JUDGMENT MOTION

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 1135 (citations omitted). Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id.*

### A.     Defendant's Motion

Mr. Pollock states Plaintiff's Complaint against him should be dismissed because Plaintiff sued him in his official capacity only, and because Plaintiff does not offer any evidence of an unconstitutional county policy as the cause of the constitutional violation. Defendant notes that Plaintiff completed a form complaint which contained options for suing Defendant in his official capacity only, personal capacity only, or personally and officially, and that Plaintiff checked the box

for official capacity only. A suit against a county employee in his official capacity is the same as a suit against the county itself, and Plaintiff must allege and prove an unconstitutional county policy or custom. *See Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998). Defendant states Plaintiff has no such proof that Ashley County denies inmates medical care on a consistent basis. Rather, Defendant provides a copy of the Ashley County Policy and Procedure Manual which provides procedures for detainees to request and obtain medical care and treatment. (Doc. No. 46-2.) Defendant further states that detainees receive a copy of an Inmate Handbook upon entry in the Jail, and that it details an inmate's right to medical care and treatment. (Doc. No. 46-1.)

     **B.**     **Plaintiff's Response**

Although the Jail has written policies concerning medical care and treatment, Plaintiff claims the Jail did not provide an on-site physician during his ten-month stay at the Jail. Plaintiff states that Defendant denied him timely and adequate medical care even though he followed the procedures set forth in the handbook. Although at least six people were taken to the doctor every week, he states it took the Jail over a month to take him back to the doctor. He also lists two other inmates detained at the Jail who encountered problems obtaining medical care and treatment.

     **C.**     **Analysis**

Plaintiff does not dispute Defendant's argument that a suit against him in his official capacity is a suit against his county employer, Ashley County. *See Kentucky v. Graham*, 473 U.S. 159, 165-6 (1985). Nor does he dispute that in order to establish liability by the county, the law requires a showing of an unconstitutional policy or procedure, or a widespread pattern of unconstitutional conduct. *Doe v. Washington County*, 150 F.3d at 922; *Jane Doe A v. Special School District of St. Louis County,* 901 F.2d 642, 646 (8th Cir. 1990). Plaintiff does not offer proof of an unconstitutional policy or practice; rather, he states that the Jail did not abide by its policy and failed

4

to obtain timely and adequate medical treatment for him. In fact, he admits that others were taken to the doctor and complains that he was left out. (Doc. No. 52 at 2.) Finally, the fact that Plaintiff states that two other inmates experienced difficulties in obtaining medical treatment is insufficient to constitute a pattern of unconstitutional conduct. Although "liability may be established through proof that the alleged misconduct was so pervasive ... 'as to constitute a 'custom or usage' with the force of law,' ... [it] cannot arise from a single act." *McGautha v. Jackson County Missouri,* 36 F.3d 53, 56-7 (8th Cir. 1994) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978) (other citations omitted)). Therefore, the Court finds Plaintiff fails to support liability by the County in this case.

### III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant's Motion for Summary Judgment (Doc. No. 45) be GRANTED;

2. Plaintiff's Complaint (Doc. No. 2) against Defendant be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 2nd day of September, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE